AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
02/20/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: EC DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California


**FILED**
Feb 20, 2025
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY *Nancy Boehme*
Deputy Clerk, U.S. District Court

United States of America,
v.

JAIME GUILLEN LOPEZ, also known as ("aka") "Jaime Jr Guillen Lopez," aka "Jaime Guillen,"

Defendant(s)

Case No. 8:25-mj-00124

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>August 9, 2023</u> in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
_____
Complainant's signature

JARED BROMBERG, Deportation Officer, DHS
_____
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone

Date: February 20, 2025

_____
Judge's signature

City and state: Santa Ana, California

Hon. DOUGLAS F. McCORMICK, U.S. Magistrate Judge
_____
Printed name and title

AUSA: Kevin Fu

**AFFIDAVIT**

I, Jared Bromberg, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a complaint and arrest warrant against JAIME GUILLEN LOPEZ, also known as ("aka") "Jaime Jr Guillen Lopez," aka "Jaime Guillen," ("GUILLEN") charging him with violating Title 8, United States Code, Section 1326(a) (Illegal Alien Found in the United States Following Deportation or Removal).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, data contained in Department of Homeland Security ("DHS") databases, the DHS Alien File ("A-File") that is assigned to GUILLEN, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF JARED BROMBERG

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service

1

("INS"), since June 2009.  I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office, Santa Ana sub-office.  Prior to working as a DO with ICE, I worked as an Immigration Enforcement Agent with ICE since February 2007.  Prior to working for ICE, I worked as a Customs and Border Protection Officer with United States Customs and Border Protection ("CBP") since July 2004.  Prior to working for CBP, I worked as an Immigration Inspector for INS since August 2002.

### III. STATEMENT OF PROBABLE CAUSE

4.   On or about August 9, 2023, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that GUILLEN had been encountered by the Buena Park Police Department.  On or about August 9, 2023, GUILLEN was released from the custody of the Buena Park Police Department.

5.   Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6.   On or about February 13, 2025, I reviewed DHS A-File A200-977-213 ("DHS A-File"), which is maintained for subject

2

alien "GUILLEN."  The DHS A-File contained the following documents and information:

      a.   Various documents listing a Federal Bureau of Investigation Identification Number ("FBI number").  I compared the FBI number to the one listed on the electronic notification received from the PERC.  These documents list the same FBI identification number.  I thus believe that the DHS A-File and its contents corresponded to GUILLEN.

      b.   The following documents related to GUILLEN's removal:

         i.   A Decision of the Immigration Judge showing that GUILLEN was ordered removed from the United States to Mexico in absentia by Frank M. Travieso, Immigration Judge, Los Angeles, California, on or about November 4, 2011.  GUILLEN appears to have been in custody at the time of the removal hearing.  Information found in the A-File indicates that GUILLEN was given time to file a motion with the immigration court, and failed to do so.

         ii.   An executed Warrant of Removal/Deportation (Form I-205) indicating that GUILLEN was officially removed from the United States on or about May 8, 2012.

         iii. An executed Warrant of Removal/Deportation indicating that GUILLEN was officially removed from the United States on or about September 29, 2015.

         iv.  A Notice and Order of Expedited Removal (Form I-860) showing that GUILLEN was ordered removed from the

United States by J. Greene, Assistant Field Office Director, on or about March 7, 2016.

    v. An executed Notice to Alien Ordered Removed/Departure Verification (Form I-296) indicating that GUILLEN was officially removed from the United States on or about March 7, 2016.

    vi. I know from my training and experience that a Warrant of Removal, a Warrant of Removal/Deportation, or a Notice to Alien Ordered Removed/Departure Verification is executed each time a subject alien is removed or excluded from the United States by DHS (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The executed Warrants of Removal/Deportation and Notice to Alien Ordered Removed/Departure Verification in GUILLEN's DHS A-File contained a photograph, signature, and fingerprint.

  c. A conviction record showing that on or about March 7, 2013, GUILLEN was convicted of Second Degree Robbery, in violation of California Penal Code Section 211/212.5(c), in the Superior Court of the State of California, County of Orange, Case Number 12CF3085, for which GUILLEN was sentenced to a total term of three years of imprisonment.

 7. On or about February 13, 2025, I reviewed the California Criminal Identification Index ("CII") for GUILLEN. Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number.  The CII

4

printout for GUILLEN confirmed that he had been convicted of the crime reflected on the documents contained in the DHS A-File.

8.  A review of the Public Access to Court Electronic Records ("PACER") revealed that GUILLEN was convicted of a violation of Title 18, United States Code, Section 1544, Misuse of a Passport, on or about December 17, 2015, in the United States District Court for the Southern District of California, case number 15CR2762-CAB, for which he was sentenced to time served (154 days of imprisonment).  GUILLEN had initially been charged in this case of Attempted Reentry of Removed Alien, in violation of Title 8, United States Code, Section 1326(a) and (b).

9.  On or about February 13, 2025, I reviewed the DHS computer indices on GUILLEN.  Based on my training and experience, I know that the DHS computer indices track and document each time an alien is removed, deported, or excluded from the United States by DHS, was removed, deported, or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The DHS computer indices confirmed that GUILLEN had been removed, deported, and/or excluded on or about the dates indicated on the Warrants of Removal/Deportation and Notice to Alien Ordered Removed/Departure Verification, found in GUILLEN's DHS A-File.  The DHS computer indices further indicated that GUILLEN had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States following his last deportation and removal.

10. Based on my review of GUILLEN's DHS A-File, I determined that it does not contain any record of him applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States following his last deportation and removal. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in the DHS A-File.

## IV. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that JAIME GUILLEN LOPEZ has committed a violation of Title 8, United States Code, Sections 1326(a), Illegal Alien Found in the United States Following Deportation or Removal.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 20th day of
February 2025.

_____
HON. DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE